EXHIBIT A

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| Harold Jeffery Johnson<br>6460 Timbermill Way<br>Reynoldsburg, Ohio 43068,<br><br>       Plaintiff,<br><br>vs.<br><br>Dodds Bodyworks, Inc.<br>c/o Mary Dodds, Statutory Agent<br>6340 Alissa Lane<br>Columbus, Ohio 43213,<br><br>       Defendant. | CASE NO.<br><br>JUDGE<br><br>**<u>JURY DEMAND ENDORSED HEREIN</u>** |

## COMPLAINT

Now comes Plaintiff Harold Jeffery Johnson, by and through his counsel, and for his Complaint against Defendant Dodds Bodyworks, Inc., states as follows:

### PARTIES AND VENUE

1. Plaintiff Harold Jeffery Johnson is an individual residing at 6460 Timbermill Way, Reynoldsburg, Ohio 43068.

2. At all times relevant, Defendant Dodds Bodyworks, Inc. ("Defendant" or "Bodyworks") is an Ohio corporation which operates an autobody center with its principal place of business located at 6340 East Main Street, Reynoldsburg, Ohio 43068 in Franklin County, Ohio.

3. Venue is proper in Franklin County because the conduct complained of herein occurred there, and Defendant's principal place of business is in Franklin County, Ohio.

### FACTUAL ALLEGATIONS

4. Plaintiff incorporates the allegations contained within the preceding paragraphs of his Complaint as if fully rewritten herein.

4858-3745-1337

5. Upon information and belief, Mary and Marvice Dodds were the owners of Bodyworks until Marvice Dodds' death in 2011, at which time Mary Dodds became the sole owner.

6. Bodyworks employed Plaintiff beginning in 1988.

7. Between 1989 and January 2021, Plaintiff served as the manager of Bodyworks.

8. As the manager of Bodyworks, Plaintiff was in charge of the day-to-day operations of the body shop.

9. Plaintiff's work directly had an impact on increasing annual gross receipts or sales from approximately $500,000 to almost $5,000,000.

10. Plaintiff received an annual salary as compensation. In 1999, Bodyworks agreed to increase his income by paying him a monthly "Incentive Bonus" of 3% of the gross monthly sales revenue. Plaintiff continued his employment at Bodyworks, in part, based on the representation that he would receive the 3% Incentive Bonus as part of his compensation and did not seek other, higher paying opportunities which he knew were available.

11. Plaintiff relied on other Bodyworks' employees to calculate his Incentive Bonus. He did not have access to or review the sales figures to determine whether or not he was actually receiving 3% of the gross monthly sales as promised.

12. Just recently, Plaintiff, through his attorney, was given access to the Sales Journals for Bodyworks for the time period of 2017-2021. Based on the sales reported in the Sales Journals, Plaintiff discovered that he did not receive 3% of the gross monthly sales. Plaintiff was paid at least $143,868.57 less than he was owed during that time frame.

13. Upon information and belief, Bodyworks did not report certain cash receipts as part of its gross monthly sales. To the extent that cash receipts were not reported, the reported gross

monthly sales revenue was lower than the actual monthly sales, thereby resulting in a lower Incentive Bonus to Plaintiff.

14. In approximately 2017, Bodyworks gave Plaintiff a truck (the "Company Truck") as part of his compensation. Mary Dodds, on behalf of Bodyworks, stated that when the truck was paid for, it would be Plaintiff's to keep.

15. In reliance on Mary Dodd's promise that he would get to keep the truck, Plaintiff bought certain accessories for the truck including a bedliner and tonneau cover at the cost of approximately $2,000.00.

16. During his employment as manager of Bodyworks, Mary and Marvice Dodds, on behalf of Bodyworks, represented to Plaintiff that he would be paid 25% of the value of the business upon his retirement (hereinafter the "Retirement Payment"). Plaintiff continued his employment at Bodyworks, in part, based on the representation that he would receive the Retirement Payment and did not seek other, higher paying opportunities which he knew were available.

17. In approximately January 2020, Plaintiff presented Mary Dodds with an Employee Deferred Compensation Agreement (a true and accurate copy of which is attached as Exhibit A) which reduced the agreement for the Retirement Payment to writing. Mary Dodds told Plaintiff that it was unnecessary and stated that "her word was golden" thereby promising once again to pay him the Retirement Payment.

18. In 2020, Plaintiff had been working for Bodyworks for 32 years. Plaintiff and Defendant had not agreed to a retirement date, but it was possible it would be within the year.

19. In August 2020, Plaintiff was in a serious car accident and suffered, among other things, a brain injury. He began to exhibit symptoms related to his injuries during work hours. Other employees of Bodyworks were aware of these symptoms.

20. Sometime in December 2020, Bodyworks presented Plaintiff with a Severance Agreement and Release ("First Severance Agreement") which provided a retirement date of January 15, 2021. A true and accurate copy of the First Severance Agreement is attached hereto as Exhibit B.

21. On January 15, 2021, he was presented with a revised Severance Agreement and Release ("Revised Severance Agreement") which included a retirement date of January 29, 2021. According to the Revised Severance Agreement, Plaintiff would receive transfer of the Company Truck as well as a total payment of $230,000 which Bodyworks represented as 25% of the value of the business. A true and accurate copy of the Revised Severance Agreement is attached hereto as Exhibit C.

22. Plaintiff met with certain employees of Bodyworks, including Mary Dodds, to discuss the Revised Severance Agreement. At that meeting, Plaintiff took issue with whether the valuation of the business was accurate. Plaintiff did not understand that he would be terminated if he did not sign the Revised Severance Agreement. In fact, he asked Mary Dodds if he would be terminated if he did not sign it, and she stated she did not know the answer.

23. On January 20, 2021, Plaintiff delivered to Bodyworks a letter from his neurologist which supported a six-week medical leave based on the serious injuries he had sustained in the August 2020 car accident.

24. At no time did Bodyworks ever offer any accommodation to Plaintiff for his disability.

4

4858-3745-1337

25. In a letter dated February 2, 2021 (the "Termination Letter"), Mary Dodds, on behalf of Bodyworks, indicated to Plaintiff that his employment had been terminated effective January 29, 2021. There was no stated reason for the termination. Mary Dodds further stated that the note from his physician had no effect on the Revised Severance Agreement. She indicated in the letter that if he did not sign the Revised Severance Agreement by February 5, that he was to return any property that belongs to Bodyworks. A true and accurate copy of the Termination Letter is attached hereto as Exhibit D.

26. Effective January 29, 2021, Plaintiff was discriminated against when he was wrongfully terminated based, in whole or in part, on his medical condition and/or his age.

27. Plaintiff was 59 years old at the time of his termination and was replaced by another employee who was more than 20 years his junior.

28. Plaintiff received no Incentive Bonus while he was still employed for the month of January 2021. Plaintiff only received part of the December 2020 Incentive Bonus.

29. Bodyworks had reflected the December 2020 Incentive Bonus had been fully paid to Plaintiff on his 2020 W-2, but later amended the W-2 to reflect the Incentive Bonus had not been fully paid.

30. Plaintiff did not sign the Revised Severance Agreement because, in part, he disagreed with the valuation of the business provided in that agreement. He was also due the Retirement Payment without the additional terms of the Revised Severance Agreement.

31. To date, Plaintiff has not been paid the Retirement Payment.

32. After receiving the Termination Letter, Plaintiff returned the Company Truck to Bodyworks because it was still titled in the company's name. Upon information and belief, the

4858-3745-1337

Company Truck was sold, along with the accessories paid for by Plaintiff, without any compensation to Plaintiff.

### COUNT ONE - WRONGFUL TERMINATION
### IN VIOLATION OF R.C. 4112.02 and/or 4112.99
### (Age/Disability Discrimination)

33. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated herein.

34. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

35. Defendant Bodyworks was at all relevant times an "employer" within the meaning of R.C. 412.01(A)(2).

36. Plaintiff is over the age of forty (40) and since his car accident in August 2020, Plaintiff had a "disability" within the meaning of R.C. 4112.01(A)(13).

37. Defendant was aware of both Plaintiff's age and his medical condition(s) due to the documentation Plaintiff provided to Defendant regarding his condition(s).

38. Defendant was aware Plaintiff's condition(s) substantially impaired one or more major life activities.

39. By terminating Plaintiff, Defendant Bodyworks engaged in discriminatory conduct based on age and/or disability in violation of R.C. 4112.02.

40. Mr. Johnson timely submitted a complaint for discrimination to the Ohio Civil Rights Commission pursuant to O.R.C. 4112.051. As of the date of this filing, Plaintiff, through counsel, has not been able to confirm if a right to sue letter was issued.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including but not limited to loss

of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

42. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs pursuant to R.C. 2315.21.

## COUNT TWO – FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF R.C. 4112.02 AND 4112.99
### (Disability Discrimination)

43. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated herein.

44. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

45. Defendant Bodyworks was at all relevant times an "employer" within the meaning of R.C. 4112.01(A)(2).

46. Since his car accident in August 2020, Plaintiff had a "disability" within the meaning of R.C. 4112.01(A)(13).

47. Defendant was aware of Plaintiff's medical condition(s) due to the documentation Plaintiff provided to Defendant regarding his condition(s).

48. Defendant was aware Plaintiff's condition(s) substantially impaired one or more major life activities.

49. Defendant Bodyworks engaged in discriminatory conduct in violation of R.C. 4112.02 and/or 4112.99 based on Bodyworks' failure to engage in the interactive process in good faith in order to determine a reasonable accommodation for Plaintiff's disability.

50. Plaintiff timely submitted a complaint for discrimination to the Ohio Civil Rights Commission pursuant to O.R.C. 4112.051. As of the date of this filing, Plaintiff, through counsel, has not been able to confirm if a right to sue letter was issued.

51. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs pursuant to R.C. 2315.21.

### COUNT THREE – FAILURE TO ACCOMMODATE IN VIOLATION OF R.C. 4112.02 AND/OR 4112.99
(Disability Discrimination)

52. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated herein.

53. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

54. Defendant Bodyworks was at all relevant times an "employer" within the meaning of R.C. 4112.01(A)(2).

55. Since his car accident in August 2020, Plaintiff had a "disability" within the meaning of R.C. 4112.01(A)(13).

56. Defendant was aware of Plaintiff's medical condition(s) due to the documentation Plaintiff provided to Defendant regarding his condition(s).

57. Defendant was aware Plaintiff's condition(s) substantially impaired one or more major life activities.

58. Defendant Bodyworks engaged in discriminatory conduct in violation of R.C. 4112.02 and/or 4112.99 based on Bodyworks' failure provide a reasonable accommodation for Plaintiff's disability.

4858-3745-1337

59. Plaintiff timely submitted a complaint for discrimination to the Ohio Civil Rights Commission pursuant to O.R.C. 4112.051. As of the date of this filing, Plaintiff, through counsel, has not been able to confirm if a right to sue letter was issued.

60. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs pursuant to R.C. 2315.21.

## COUNT FOUR - VIOLATION OF OHIO WAGE LAWS R.C. 4113.15

61. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated herein.

62. As discovered since his termination, Bodyworks withheld for more than thirty days the full amount of Plaintiff's Incentive Bonuses for the timeframe 2017-2020, and potentially longer.

63. Bodyworks has withheld for more than 30 days Plaintiff's Incentive Bonus for January 2021, which was payable in February 2021.

64. Because Plaintiff's entitlement to these unpaid wages cannot be disputed, he is entitled to liquidated damages in amount to six percent of the claim pursuant to R.C. 4113.15(B).

65. Failure to pay wages in violation of O.R.C. 4113.15 is a criminal offense pursuant to R.C. 4113.99. Pursuant to R.C. 2307.60, Mr. Johnson is entitled to damages, including costs and attorney's fees.

## COUNT FIVE - BREACH OF CONTRACT

66. Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully rewritten herein.

4858-3745-1337

67. Plaintiff and Defendant Bodyworks had a number of oral agreements with respect to his employment including that he would receive 3% of Bodyworks' gross monthly sales revenue each month as an Incentive Bonus, and he would receive 25% of the value of the business upon his retirement as a Retirement Payment.

68. With respect to the Incentive Bonus, the course of dealing between the parties established that there was an agreement. Plaintiff believed that he was receiving 3% of the gross sales revenue as agreed.

69. Plaintiff recently discovered that he started receiving less than the agreed-upon 3% of the gross sales revenue as his Incentive Bonus.

70. By failing to pay the 3% of gross sales revenue as his Incentive Bonus, Bodyworks breached its agreement to do so.

71. Plaintiff is damaged in the amount that is the difference between the 3% of gross sales revenue, and the actual amount paid, which when calculated over time is at least $143,868.57, based on the information available to Plaintiff at the time of filing this Complaint.

72. Bodyworks also breached the agreement to pay Plaintiff his monthly Incentive Bonus by failing to pay him any Incentive Bonus for January 2021. Plaintiff's damages for not receiving this bonus are 3% of the gross sales revenues for January 2021.

73. Bodyworks and Plaintiff also had an agreement that he would receive a Retirement Payment. The date of his retirement had not been settled. When Mary Dodds made the promise to him in January 2020 that he would receive 25% of the business and stated that "her word was golden," it was possible that the date of retirement would be within a year of that agreement.

74. The oral agreement of the parties is evidenced by the terms of the First Severance Agreement and the Revised Severance Agreement.

4858-3745-1337

75. Bodyworks forced Plaintiff into retirement by terminating him on January 29, 2021.

76. Bodyworks breached their agreement by failing to pay him the agreed-upon Retirement Payment at the time of his retirement.

77. Plaintiff has been damaged in the amount of 25% of the value of the business at the time of his retirement.

## COUNT SIX - PROMISSORY ESTOPPEL

78. Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully rewritten herein.

79. Bodyworks made a number of promises to Plaintiff including that he would receive 3% of the company's gross sales revenue as a monthly Incentive Bonus, that he would receive 25% of the value of the business at the time of his retirement as a Retirement Payment, and that he would receive the Company Truck once it was paid off.

80. Plaintiff reasonably relied on the aforementioned promises to his detriment.

81. With respect to the Incentive Bonus and Retirement Payment, Plaintiff continued to work at Bodyworks based on Bodywork's representations that he would receive 3% of the company's gross sales revenues as part of his wages, and 25% of the value of the company upon his retirement. Because of this arrangement, he did not seek other, higher paying opportunities.

82. With respect to the Company Truck, Plaintiff purchased accessories for the truck and had them installed, evidencing his reliance on the representation that the Company Truck would become his personal truck once it was paid for. Plaintiff would not have spent the money on these accessories if the truck were to remain property of Bodyworks.

83. Plaintiff is entitled to accurate Incentive Bonuses from January 1999-January 2021, the Retirement Payment, and the value of the Company Truck, the sum of which is in excess of $400,000.00.

## COUNT SEVEN - FRAUD

84. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated herein.

85. Bodyworks failed to account for all or some of the cash receipts in its calculation of gross sales revenue. As a result, the gross sales revenue was understated.

86. Bodyworks misrepresented the gross sales revenue, which was material to determining the amount of Plaintiff's Incentive Bonus each month.

87. Bodyworks intended for Plaintiff to rely on the representation of the gross sales revenue, which he reasonably did.

88. Plaintiff suffered a loss by receiving a lesser Incentive Bonus based on the misrepresentation of gross sales revenue by Bodyworks, in an amount to be determined at trial.

89. Additionally, Bodyworks misrepresented certain terms of Plaintiff's employment including that he would receive 3% of the company's gross sales revenue as a monthly Incentive Bonus, that he would receive 25% of the value of the business at the time of his retirement as a Retirement Payment, and that he would receive the Company Truck once it was paid for.

90. Bodyworks made such statements knowing that the statements were false.

91. Such representations were material to Plaintiff's decision to continue with his employment at Bodyworks.

92. Bodyworks intended for Plaintiff to rely on the misrepresentations of the terms of his employment, which he reasonable did.

4858-3745-1337

93. Plaintiff suffered a loss by failing to receive the full amount of Incentive Bonus, his Retirement Payment, and the Company Truck, the sum of which is in excess of $400,000.00. He is also entitled to attorneys' fees.

### COUNT EIGHT - UNJUST ENRICHMENT/QUANTUM MERUIT

94. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated herein.

95. Defendant Bodyworks made promises to Plaintiff in exchange for the years of hard work and long hours spent by Plaintiff while running the body shop.

96. Plaintiff has not been compensated accordingly, and therefore Bodyworks has been unjustly enriched for the value of Plaintiff's work and services.

97. Under the doctrines of unjust enrichment and quantum meruit, Plaintiff is entitled to the agreed-upon compensation for his services.

### COUNT NINE - CONVERSION

98. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated herein.

99. Plaintiff purchased certain accessories for the Company Truck including a bedliner and tonneau cover which cost approximately $2,000.00.

100. When Defendant Bodyworks took back the Company Truck which had been promised to Plaintiff and sold it, Bodyworks converted Plaintiff's property for which he is entitled to payment.

WHEREFORE, Plaintiff, Harold Jeffrey Johnson, respectfully demands judgment against Defendant Dodds Bodyworks, Inc. as follows:

    a. For compensatory damages in an amount exceeding $400,000.00;

4858-3745-1337

b. For liquidated damages pursuant to R.C. 4113.15(B);

c. For punitive damages;

d. For statutory prejudgment and post-judgment interest;

e. For reasonable attorneys' fees and costs; and

f. All other relief, in law or in equity, which this Court deems just and proper.

Respectfully Submitted,

*/s/ Rebecca Roderer Price*
Timothy T. Tullis (0042585)
Rebecca Roderer Price (0073753)
KEGLER, BROWN, HILL & RITTER, LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
Tel.: 614-462-5400 / Fax: 614-464-2634
ttullis@keglerbrown.com
rprice@keglerbrown.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a jury of eight (8) members.

*/s/ Rebecca Roderer Price*
Rebecca Roderer Price (0073753)

14

4858-3745-1337