UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HAROLD JEFFERY JOHNSON,**

    **Plaintiff,**

    v.

**DODDS BODYWORKS, Inc.,**

    **Defendant.**

Case No. 2:23-cv-741
**JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Dodds Bodyworks, Inc.'s Partial Motion to Dismiss Plaintiff's Amended Complaint.  (ECF No. 21.)  For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction over this case, **REMANDS** the case to the Franklin County Court of Common Pleas, and **DENIES as moot** Dodds's Motion.

**BACKGROUND**

**I.  Factual Background**

Plaintiff Harold Jeffery Johnson worked for Dodds from 1988 until January 29, 2021.  (Am. Compl., ECF No. 18, ¶ 9.)  Dodds is an autobody center.  (*Id.* ¶ 8.)  This dispute concerns Johnson's termination from Dodds, including whether he was entitled to an incentive bonus, retirement benefits, and a Ford F-150 truck upon his departure.  (*Id.* ¶ 41.)

Johnson alleges that, in 1999, Dodds agreed to increase his income by paying him a monthly incentive bonus—3% of the business's gross monthly sales revenue—in addition to his base salary ("Incentive Payments").  (*Id.* ¶ 11.)  Johnson received a monthly incentive bonus from 1999 until December 2020.  (*Id.* ¶ 12.)

1

Johnson alleges that, in 2017, Mary Dodds—one of the owners of Defendant Dodds Bodyworks—gave him a Ford F-150 truck as part of his compensation package. (*Id.* ¶ 16.) Ms. Dodds told Johnson that he could keep the truck for himself once the truck was paid off ("Truck Transfer"). (*Id.*)

Johnson alleges that at some point during his employment, Mrs. Dodds and her husband—a co-owner of Dodds Bodyworks—told him that, upon retirement, he would be paid 25% of the value of the Dodds Bodyworks business ("Retirement Payment"). (*Id.* ¶ 18.) He alleges that discussion of the Incentive Bonuses and Retirement Payment re-arose in January 2020, and that Mrs. Dodds "assured [him] that a written agreement was unnecessary." (*Id.* ¶ 21.) According to Johnson, Mrs. Dodds stated "her word was golden," which he understood as a promise to pay the Retirement Payment upon retirement or termination from Dodds. (*Id.*)

Johnson was injured in an automobile accident, resulting in several serious injuries. (*Id.* ¶ 22.) On January 20, 2021, Johnson sent to Dodds a letter from his neurologist, indicating Johnson needed a six-week medical leave of absence. (*Id.* ¶ 30.) While on medical leave, Johnson received a termination letter on February 2, 2021, indicating that Dodds had terminated him effective January 29, 2021. (*Id.* ¶ 31.)

Johnson was never paid the Retirement Payment, never received the title to the F-150 truck, and did not receive full Incentive Payments for December 2020 or January 2021. (*Id.* ¶ 41.)

**II.      Procedural Background**

Johnson's initial Complaint alleged nine causes of action: three counts of age and/or disability discrimination in violation of Ohio discrimination law, violation of Ohio wage law, breach of contract, promissory estoppel, fraud, unjust enrichment, and conversion. (Compl., ECF No. 2.) Dodds removed the case to this Court on the basis of federal question jurisdiction. (Def.

2

Not. of Removal, ECF No. 1.) Specifically, Dodds alleged that the Employee Retirement Income Security Act of 1974 ("ERISA") preempted Johnson's common law claims of breach of contract and fraud because Johnson alleged Dodds "failed to properly pay him pursuant to a retirement plan." (*Id.* at PageID # 2–3.)

Dodds then moved to dismiss Johnson's original Complaint. (ECF No. 16.) Johnson then filed an Amended Complaint alleging three causes of action: (1) disability discrimination under Ohio law; (2) age discrimination under Ohio law; and (3) breach of contract, thereby mooting Dodds's initial motion. (Am. Compl., ECF No. 18, at PageID # 226–27.) Johnson simultaneously moved this Court to deny Dodds's initial motion to dismiss as moot because of his Amended Complaint. (Pl. Mot., ECF No. 19.) Dodds did not respond.

Dodds then moved to dismiss Johnson's breach of contract claim in the Amended Complaint. (Def. Mot., ECF No. 21.) Johnson responded (Pl. Resp., ECF No. 26), and Dodds replied (Def. Reply, ECF No. 27). These motions are ripe for this Court's review.

## ANALYSIS

Before this Court can address the pending motion to dismiss, it must be sure that subject matter jurisdiction exists. Dodds removed Johnson's complaint to this Court under federal question jurisdiction. Dodds stated that Johnson's complaint alleged "one or more violations of a retirement plan governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*" (Def. Not. of Removal, ECF No. 1, at PageID # 1.) The Court now finds that removal was improper, and that the Court lacks subject matter jurisdiction over this case.

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . ., which is not to be expanded by judicial decree." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations

3

omitted). Therefore, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As such, this Court may *sua sponte* review whether subject matter jurisdiction exists. Where a case has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Although federal question jurisdiction is typically ascertained solely by reviewing the face of a "well-pleaded complaint," "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)). Johnson's initial Complaint (Compl., ECF No. 2) alleged eight causes of action which, on the complaint's face, all arose under state law. Relying on preemption by ERISA, Dodds removed the case.

"In regard to the removal of claims allegedly preempted by ERISA, the Supreme Court held in *Taylor* that the 'complete preemption exception' applies to a state law claim which meets two requirements: (1) the claim 'relates to' an ERISA plan within the meaning of 29 U.S.C. § 1144(a), ERISA's preemption provision; and (2) the claim falls within the scope of ERISA's enforcement provision, 29 U.S.C. § 1132(a)." *Taylor-Sammons v. Bath*, 398 F. Supp. 2d 868, 872 (S.D. Ohio 2005) (Graham, J.) (citing *Taylor*, 481 U.S. at 66). This Court has previously addressed ERISA preemption as follows:

> A state law claim is removable to federal court only if it is completely preempted. In order to come within the well-pleaded complaint rule, the state law claim must be capable of being characterized as an ERISA enforcement action under § 1132(a). Thus, state law claims outside the scope of § 1132(a)(1)(B) are not subject to removal even though the state law at issue may "relate to" an ERISA plan so as to be preempted under § 1144(a).

4

*Id.* at 873 (citing *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995); *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001)). Accordingly, the Court must determine whether Johnson's state law claims related to an employee benefit plan, and whether they are properly understood as claims "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here, the only benefit Johnson seeks which could even be remotely characterized as a "benefit plan" would be the alleged oral agreement for the Retirement Payment, where he would receive 25% of Dodds' business value upon retirement or termination. This is not a "benefit plan" under ERISA.

ERISA defines "employee benefit plan" or "plan" as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3). Employee welfare benefit plans pertain to insurance payments, including, among other things, medical, disability, or unemployment insurance. *Id.* § 1002(1). Employee pension benefit plans provide retirement income to employees. *Id.* § 1002(2)(A). While at first glance Johnson's Retirement Payment may fit the language of ERISA, "[t]he court must look beyond the language of the statute to the precedents of the Supreme Court, the Sixth Circuit Court of Appeals, and to other persuasive authority from other courts to determine whether plaintiff's severance package is an ERISA plan." *Rodgers v. Q3 Stamped Metal, Inc.*, 499 F.Supp.2d 984, 990 (S.D. Ohio 2007).

A simple contract between a plaintiff and his employer for a retirement payment is not a per se employment benefit plan under ERISA. *Id.* at 989. Indeed, the Supreme Court has held that a one-time lump-sum payment triggered by a single event is not the sort of employee benefit plan which Congress intended to preempt under ERISA:

5

> Congress intended pre-emption to afford employers the advantages of a uniform set of administrative procedures governed by a single set of regulations. This concern only arises, however, with respect to benefits whose provision by nature requires an ongoing administrative program to meet the employer's obligation. It is for this reason that Congress pre-empted state laws relating to *plans*, rather than simply to *benefits*. Only a plan embodies a set of administrative practices vulnerable to the burden that would be imposed by a patchwork scheme of regulation.

*Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11–12 (1987) (emphasis in original).

Here, Johnson's one-time Retirement Payment is not an employee benefit plan. It does not require any administrative procedures, is not ongoing, and requires Dodds "[t]o do little more than write a check." *Id.* at 12. Accordingly, removal upon Johnson's initial Complaint was improper.

Johnson's Amended Complaint did not cure these jurisdictional deficiencies. Johnson's Amended Complaint alleges that this Court has jurisdiction "pursuant to Defendant's representation that it has *a* pension plan covered by [ERISA]." (Am. Compl., ECF No. 18, ¶ 2 (emphasis added).) Notably, Johnson does not allege that *he* has a pension plan covered by ERISA, nor does he allege that the money he is owed is some other form of an ERISA plan. (*See generally* Am. Compl.) Moreover, merely having a pension plan covered by ERISA does not create subject matter jurisdiction. *Taylor-Sammons*, 398 F. Supp. 2d at 873 ("However, the mere existence of an ERISA plan is not enough for preemption; the state law in question must make reference to or function with respect to the ERISA plan.").

In Johnson's prayer for relief, he requests a declaration from this Court that Dodds violated ERISA by failing to pay him retirement benefits. (*Id.* ¶ 53(a).) Johnson alleges no facts regarding any pension plan owed to him, health insurance, life insurance, or benefit other than the Retirement Payment. He does not allege that he, himself is a part of any benefit plan. The only damages he seeks which could possibly be considered a "benefit" would be the alleged Retirement Payment owed to him—a benefit which this Court already addressed above and found was not an "employee

6

benefit plan." Therefore, Johnson's Amended Complaint does not state a federal question invoking this Court's subject matter jurisdiction.

The Court makes no statement or finding regarding whether Dodds's motion to dismiss has merit—that determination is better left to the Franklin County Court of Common Pleas, as this Court lacks jurisdiction to consider Dodds's arguments.

## CONCLUSION

For the reasons stated above, the Court finds it lacks subject matter jurisdiction over the case. Accordingly, the Court **REMANDS** this case to the Franklin County Court of Common Pleas, and **DENIES as moot** all pending motions (ECF Nos. 16, 19, 21).

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**3/25/2024**　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**